IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD GENE ELLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0310 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Donald Gene Ellis, proceeding *pro se*, filed a petition for habeas relief under 28 U.S.C. § 2254 challenging his 2004 state felony conviction. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because this petition is barred by limitations, it will be dismissed.

### I.   PROCEDURAL HISTORY

Petitioner reports that on June 24, 2004, he was convicted of delivery of a controlled substance and sentenced to seven years imprisonment. No direct appeal was taken. According to public records for the Texas Court of Criminal Appeals, petitioner's application for state habeas relief was denied on September 14, 2005. His second application was dismissed as an abuse of the writ on June 7, 2006.

Petitioner filed the instant federal habeas petition on January 17, 2007, claiming ineffective assistance of counsel, actual innocence because the State's witness was a "chronic dope fiend," lack of a chain of custody to the controlled substance, and legal insufficiency of the evidence.

## II. DISCUSSION

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner reports he was convicted and sentenced on June 24, 2004. No direct appeal was filed. His conviction became final for purposes of the one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review. Because petitioner did not seek direct review of his conviction, the AEDPA limitations commenced thirty days after sentencing on or about July 24, 2004, and expired one year later on or about July 24, 2005.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). The Texas Court of Criminal Appeals denied petitioner's application for state habeas relief on September 14, 2005. The instant petition, filed over one year and four months later on January 17, 2007, is untimely. No grounds for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), or (D) or equitable tolling are shown. The instant petition is barred by limitations.

### III. CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Petitioner has not made a substantial

showing of the denial of a constitutional right, and a certificate of appealability is **DENIED**.

Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 25th day of January, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE