IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD GENE ELLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0310 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Donald Gene Ellis, proceeding *pro se*, filed a petition for habeas relief under 28 U.S.C. § 2254 challenging his 2004 state felony conviction. Respondent filed a motion to dismiss based on the limitations bar of section 2254(d). (Docket Entry No. 9.) Petitioner filed a response. (Docket Entry No. 10.) The Court has reviewed the pleadings, motion and response, the state court record, and the applicable law, and will **GRANT** the motion to dismiss and **DISMISS** this case as barred by limitations.

### I. PROCEDURAL HISTORY

Petitioner was convicted of delivery of a controlled substance on June 25, 2004. No direct appeal was taken. His application for state habeas relief was filed on April 13, 2005, and denied by the Texas Court of Criminal Appeals on September 14, 2005. His second application for state habeas relief was filed on April 3, 2006, and dismissed as an abuse of the writ on June 7, 2006. The instant federal habeas petition was filed on January 17, 2007.

## II. DISCUSSION

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the instant case, petitioner was convicted on June 25, 2004. Because petitioner did not seek direct review of his conviction, the AEDPA limitations commenced thirty days after sentencing on July 25, 2004, and expired one year later on July 25, 2005.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's first application for state habeas relief was filed on April 13, 2005 and denied on September 14, 2005, tolling limitations for approximately 154 days. Thus, limitations expired on or about December 26, 2005. Petitioner's second application for state habeas relief, filed on April 3, 2006, was filed after expiration of limitations and had no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). No grounds for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), or (D) or equitable tolling are argued or shown. The instant petition is barred by limitations.

## III. CONCLUSION

Respondent's motion to dismiss (Docket Entry No. 9) is **GRANTED**. Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 30th day of March, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE